IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **REBECCA RENTZ JAMES,** | ) |
| | ) |
| Plaintiff, | )  Case No. 1:21CV00039 |
| | ) |
| v. | )  **OPINION AND ORDER** |
| | ) |
| **SUBARU CORPORATION, ET AL.,** | )  JUDGE JAMES P. JONES |
| | ) |
| Defendants. | ) |

*Francis H. Casola and Mark D. Loftis,* WOODS ROGERS PLC, *Roanoke, Virginia, for Plaintiff; Christopher C. Spencer and Brandon L. Boxler,* SPENCER LLP, *Richmond, Virginia, for Defendants.*

In this product liability case, the defendants, Subaru Corporation, Subaru of America, Inc., and Subaru of Indiana Automotive, Inc., have moved to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, I will deny the defendants' motion.

I.

In 2019, the plaintiff, Rebecca Rentz James, filed a Complaint asserting the present cause of action in the Circuit Court of Tazewell County, Virginia, against defendants Subaru of America, Inc., Denso International America, Inc., and Denso Manufacturing Tennessee, Inc. The defendants removed the case to this court based on diversity of citizenship. The plaintiff later filed a separate action against

defendants Subaru Corporation and Subaru Indiana Automotive, Inc. The court thereafter considered and granted a Motion to Dismiss for lack of personal jurisdiction by Denso defendants, *James v. Subaru of America, Inc.*, 433 F. Supp. 3d 933 (W.D. Va. 2020), and denied Motions to Dismiss for failure to state a claim by the remaining defendants, *James v. Subaru Corp.*, No. 1:19CV00030, 2019 WL 6468563 (W.D. Va. Dec. 2, 2019); *James v. Subaru of America, Inc.*, No. 1:19CV00021, 2020 WL250514 (W.D. Va. Jan. 16, 2020). The court consolidated the two remaining cases into a single action.

    The plaintiff thereafter filed a motion to voluntarily dismiss the action without prejudice, seeking to refile suit against the three Subaru defendants in another court that would have jurisdiction over Denso defendants, which motion was granted. *James v. Subaru of America, Inc.*, No. 1:19CV00021, 2020 WL 1289539 (W.D. Va. Mar. 18, 2020). The plaintiff filed the action in a Florida state court, which subsequently held, based on the doctrine of forum non conveniens, that the case should be litigated in this court after all. On August 18, 2021, the plaintiff refiled the action in this court against the three Subaru defendants. On November 19, 2021, the defendants jointly moved to dismiss, raising substantively the same arguments

as their previous motions to dismiss. The parties have fully briefed the issues and the matter is now ripe for decision.[1]

## II.

The present Complaint alleges the following facts, which I must accept as true for purposes of considering the Motion to Dismiss.

On August 7, 2017, the plaintiff was driving her 2011 Subaru Outback in Tazewell County, Virginia. While making a sharp right turn, the right front fender made brief contact with a tree adjacent to the road. The collision caused only minor damage to the fender and posed no risk of injury or harm to James. She was quickly able to regain control of the vehicle and bring it to a stop in the right lane. Despite the minor contact with the tree, the vehicle's driver side curtain airbag deployed, striking James in the upper left side of her body and causing serious and permanent injuries to her spine and neck. Her injuries included a cervical spine fracture and rotational dislocation, with a ligamentous separation and soft-tissue injury. Compl. ¶ 18(a)–(c), ECF No. 1. As a result, she was left with "uncontrolled pain and muscle spasms" and limited range of motion in her neck. *Id.* ¶ 18(c).

James alleges that the accident was foreseeable to the defendants and that a minor accident that otherwise did not pose a risk of injury or harm to the driver

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

should not have triggered the deployment of the airbag.  She further claims that the airbag deployed with "excessive and dangerous force."  *Id.* ¶ 26(c).  It was foreseeable to the defendants that the unreasonable deployment of the airbag posed an unreasonable risk of harm to drivers, and yet, they failed to warn foreseeable consumers about the danger and risk of harm.  The Complaint asserts claims of breach of implied warranty of merchantability (Count 1), negligence (Count 2), and failure to warn (Count 3).  She seeks compensatory damages and all other such relief that this court deems would be appropriate.

### III.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  The court must accept as true all well-pleaded facts and construe those facts in the light most favorable to the plaintiff.  *Id.*

Federal courts sitting in diversity apply the substantive law of the forum state, including its choice-of-law rules.  *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938); *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  For tort claims,

Virginia applies the doctrine of lex loci delicti, or the law of the place of the wrong. *Dreher v. Budget Rent-A-Car Sys. Inc.*, 634 S.E.2d 324, 327 (Va. 2006). In this case, because James alleges that she was injured in Virginia, the substantive law of Virginia governs her claims.

"Virginia has not adopted a strict liability regime for products liability." *Evans v. Nacco Materials Handling Grp., Inc.*, 810 S.E.2d 462, 469 (Va. 2018). A plaintiff "may proceed under a theory of implied warranty of merchantability or under a theory of negligence" to show that a product was defectively designed or manufactured. *Id.* Virginia defines negligence as the "failure to exercise that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury to another." *Id.* (internal quotation marks and citation omitted). The product manufacturer has "a duty to exercise ordinary care to design a product that is reasonably safe for the purpose for which it is intended." *Id.* (citation omitted).

Under either a warranty or negligence theory, a plaintiff must prove "(1) that the goods were unreasonably dangerous either for the use to which they would ordinarily be put or for some other reasonably foreseeable purpose, and (2) that the unreasonably dangerous condition existed when the goods left the defendant's hands." *Id.* (citation omitted). A product is "unreasonably dangerous" if it has an assembly or manufacturing defect, its design is unreasonably dangerous, or it fails

to adequately warn consumers of its dangerous properties. *Morgen Indus., Inc. v. Vaughan*, 471 S.E.2d 489, 492 (Va. 1996). The inquiry is guided by objective safety standards, such as government regulations, industry norms or practices, or consumer expectations, at the time the product left the manufacturer's control, not "wholly subjective expectations." *Evans*, 810 S.E.2d at 470. A manufacturer is liable for failure to warn if it knows that the product "is or is likely to be dangerous for the use for which it is supplied," "has no reason to believe" that intended users "will realize its dangerous condition," and "fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous." *Jones v. Ford Motor Co.*, 559 S.E.2d 592, 600 (Va. 2002) (internal quotation marks and citations omitted).

      The defendants argue that James failed to adequately plead her claims because she has not identified a particular defect, namely exactly how the airbag was defective, or how it failed to meet ordinary consumer expectations. Instead, they claim that she impermissibly relies upon her subjective expectations of the product. They further contend that James has not alleged enough facts to show how the crash was minor, or that the airbag deployed with excessive and dangerous force. Finally, they assert that James has not alleged the availability of a safer, alternative design that defendants should have used.

I find that the defendants overstate what is required to state a plausible claim for relief. At this stage, a plaintiff is not required to prove her product liability case. In other words, she is not required to put forth evidence of an available alternative design or prove that the airbag deployed with excessive and dangerous force. Nor is she required to provide evidence showing how the airbag was negligently manufactured or designed. In products liability cases, such facts must ordinarily be proved with expert testimony and often require scientific and technical knowledge about the inner workings of a product.

On the other hand, at the pleading stage, the plaintiff must allege, at minimum, enough facts for the court to conclude that a manufacturing or design defect exists and that the defect proximately caused her injuries. I find that James has met her burden. As to the warranty and negligence claims, she alleges that the airbag is defective because minor, non-dangerous contact should not trigger the deployment of the side curtain airbag. She claims that the accident was minor because it involved only brief contact with the tree, resulting in limited damage to the fender, and never posed a risk of injury or harm. Nevertheless, the airbag unexpectedly and inadvertently deployed with excessive force, fracturing her spine and causing significant and permanent injuries.

It can reasonably be inferred that the nature of the defect alleged is simply this: the curtain airbag system should not deploy after a minor collision and with

such force that it fractures the driver's spine.  James further alleges that the vehicle was in the same condition as when she purchased it new in 2011, and that Subaru never warned Outback owners about the alleged defect.  Thus, it is plausible that but-for the defect in the airbag, or the lack of warning about the defect, James would not have been injured by its unexpected and forceful deployment.  While the complaint surely would benefit from additional detail, the allegations have sufficiently placed defendants on notice.  At this stage, that is all that is required.

## VI.

For the reasons stated, it is **ORDERED** that the defendants' Motion to Dismiss, ECF No. 8, is DENIED.

ENTER:  March 3, 2022

/s/  JAMES P. JONES
Senior United States District Judge