IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

REBECCA RENTZ JAMES,

     Plaintiff,

                             Civil Action No. 1:21CV00039
v.                            Hon. James P. Jones

SUBARU CORPORATION, et al.,

     Defendants.

ANSWER AND AFFIRMATIVE DEFENSES

Subaru Corporation, Subaru of America, Inc., and Subaru of Indiana Automotive, Inc. (collectively, the "Subaru Defendants"), state as follows as their answer and affirmative defenses to the complaint:

1.     The Subaru Defendants admit that this action relates to a motor vehicle crash that occurred on August 7, 2017, admit that a Florida state court dismissed her complaint on *forum non conveniens* grounds, and admit that they are not contesting jurisdiction.  The Subaru Defendants deny the remaining allegations of this paragraph.

2-3.     The Subaru Defendants deny the allegations in these paragraphs.

4.     The Subaru Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph.  The Subaru Defendants deny any suggestion that the subject vehicle was defective.

PARTIES

5.     The Subaru Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph.

6.      The Subaru Defendants admit that Subaru Corporation is a Japanese corporation with its principal place of business in Tokyo, Japan, and that it designed the subject vehicle.  The remaining allegations in this paragraph are denied.

7.      The Subaru Defendants admit that Subaru of America, Inc., is a New Jersey corporation with its principal place of business in Camden, New Jersey.  The Subaru Defendants further admit that Subaru of America, Inc., distributes motor vehicles to independent dealerships, sold the subject vehicle to an independent dealership in Florida, and is a wholly owned subsidiary of Subaru Corporation.  The remaining allegations in this paragraph are denied.

8.      The Subaru Defendants admit that Subaru of Indiana Automotive, Inc., is an Indiana corporation with its principal place of business in Lafayette, Indiana, and that it is a subsidiary of Subaru Corporation.  The Subaru Defendants further admit that Subaru of Indiana Automotive, Inc., manufactured, assembled, and inspected the subject vehicle.  The remaining allegations of this paragraph are denied.

<u>JURISDICTION</u>

9-11.   The Subaru Defendants admit that they are not contesting jurisdiction or venue but otherwise deny the allegations in these paragraphs.

<u>STATEMENT OF FACTS</u>

12-18.  The Subaru Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

19-21.  The Subaru Defendants deny the allegations in these paragraphs.

<u>COUNT I</u>
<u>Implied Warranty of Merchantability</u>

22.     As to the allegations incorporated into this paragraph, the Subaru Defendants incorporate their prior responses.

2

23.     This paragraph asserts a legal conclusion.  To the extent it is deemed to allege facts, the Subaru Defendants admit that Subaru of America, Inc., sold the subject vehicle to an independent dealership in Florida but deny the remaining allegations of this paragraph.

24.     The Subaru Defendants admit that Subaru of Indiana Automotive, Inc., manufactured, assembled, and inspected the subject vehicle; that Subaru of America, Inc., sold the subject vehicle to an independent dealership in Florida; and that Subaru Corporation designed the subject vehicle.  The remaining allegations of this paragraph are denied.

25-28.  The Subaru Defendants deny the allegations in these paragraphs.

<u>COUNT II</u>
<u>Negligence</u>

29.     As to the allegations incorporated into this paragraph, the Subaru Defendants incorporate their prior responses.

30.     The Subaru Defendants admit that the entities involved with the subject vehicle had certain duties by operation of law, but they deny that any of those duties were breached, deny any allegation of duty that is inconsistent with the law, and deny any suggestion that the subject vehicle was defective.

31-32.  The Subaru Defendants deny the allegations of these paragraphs.

<u>COUNT III</u>
<u>Failure to Warn</u>

33.     As to the allegations incorporated into this paragraph, the Subaru Defendants incorporate their prior responses.

34-35.  The Subaru Defendants deny the allegations in these paragraphs.

36.     The Subaru Defendants deny all allegations not expressly admitted.

PRAYER FOR RELIEF

The Subaru Defendants deny that the plaintiff is entitled to any relief and respectfully ask the Court to dismiss the complaint with prejudice and award them all such relief, including fees and costs, as the Court deems appropriate.

AFFIRMATIVE DEFENSES

1.      The plaintiff's contributory negligence caused or contributed to the crash and her injuries and, therefore, her recovery is barred.

2.      The plaintiff failed to exercise reasonable care under the circumstances in her use of the subject vehicle and such failure was the proximate cause of the plaintiff's alleged injuries and damages.

3.      The injuries or damages alleged by the plaintiff were caused by the contributory, intervening, or superseding negligence of parties, individuals, and entities other than the Subaru Defendants.

4.      The Subaru Defendants are entitled to a setoff for all settlements and compensation that the plaintiff has received, or may receive, as a result of the crash.

5.      The plaintiff may have assumed the risk of injury, and the Subaru Defendants assert that defense if supported by the evidence.

6.      Although misuse is not an affirmative defense, the Subaru Defendants assert that the plaintiff was misusing the vehicle and such misuse was a proximate cause of her alleged injuries and damages.

7.      The plaintiff might have failed to give reasonable notice to the Subaru Defendants as required by Va. Code § 8.2-607 concerning the alleged breach of warranties.  The Subaru Defendants assert that defense if supported by the evidence.

For these reasons, the Subaru Defendants request that this action be dismissed with prejudice and that they be awarded all further appropriate relief, including attorneys' fees and costs.

The Subaru Defendants demand a jury trial.

Dated:  March 18, 2022                    Respectfully submitted,

                                          _____/s/_____
                                          Christopher C. Spencer (VSB No. 21878)
                                          Direct Dial: (804) 285-5220
                                          cspencer@spencerllp.com
                                          Brandon L. Boxler (VSB No. 81884)
                                          Direct Dial: (804) 285-5236
                                          bboxler@spencerllp.com
                                          SPENCER LLP
                                          6802 Paragon Place, Suite 230
                                          Richmond, VA  23230
                                          Facsimile: (804) 285-5210

                                          *Counsel for Subaru Corporation, Subaru of America, Inc., and Subaru of Indiana Automotive, Inc.*

<u>Certificate of Service</u>

I certify that on March 18, 2022, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

Francis H. Casola
Mark D. Loftis
Charles J. Dickenson
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
P.O. Box 14125
Roanoke, VA 24038-4125

*Counsel for Plaintiff*

<u>            */s/*              </u>